# United States District Court

SOUTHERN DISTRICT OF NEW YORK

JASON COLODNE

v.

PATRIARCH PARTNERS, LLC

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**08 CV 2370**

**JUDGE DANIELS**

TO: (Name and Address of Defendant)
PATRIARCH PARTNERS, LLC
40 WALL STREET, 25th FLOOR
NEW YORK, NEW YORK 10005

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

KRAUS & ZUCHLEWSKI LLP
500 FIFTH AVENUE, SUITE 5100
NEW YORK, NEW YORK 10110-5197
ATTENTION: ROBERT D. KRAUS, ESQ.

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
CLERK

[signature]
BY DEPUTY CLERK

MAR 0 7 2008
DATE

AO 440 (Rev.1/90) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
             Date                    Signature of Server

                          _____
                                    Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON P. COLODNE,

               Plaintiff,    :   08 CIV.

  - against -                     :

PATRIARCH PARTNERS LLC,      :   COMPLAINT

               Defendants.  :
------------------------------------------------------------X

       Jason P. Colodne ("Colodne"), by his undersigned counsel, as and for his Complaint against defendant Patriarch Partners LLC ("Patriarch" or "Defendant"), upon knowledge as to his own acts and status and upon information and belief as to all other matters, alleges as follows:

### NATURE OF CLAIM

       1.    This action arises out of Patriarch's wrongful efforts to evade its contractual obligations to pay Plaintiff, formerly employed as its President, the compensation due him upon the termination of his Employment Agreement without cause. Patriarch seeks to avoid its contractual obligations by falsely claiming that his employment was terminated (a) for cause and (b) with proper notice.

### JURISDICTION AND VENUE

       2.    This Court has subject matter jurisdiction over the claims in this action under 28 U.S.C. §1332. Diversity of citizenship exists in that the action is between

citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is properly laid in this Judicial District pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims at issue occurred here.

## THE PARTIES

4. At all times relevant to this action, plaintiff was a citizen of the State of New York, County of New York.

5. At all times relevant to this action, Defendant Patriarch was a Delaware limited liability company with a principal place of business in the County of New York.

6. Patriarch principally engages in the business of providing portfolio management services to structured finance vehicles.

7. Lynn Tilton ("Tilton") is Patriarch's Chief Executive Officer ("CEO"), as well as its sole member.

8. Tilton is a citizen of the State of New Jersey, County of Monmouth.

## FACTS

9. Tilton has been the CEO of Patriarch at all times since she caused it be formed in or about 2000.

10. Tilton began to solicit Colodne to accept a position as Patriarch's President for the first time in 2004. She then began to solicit him again in or about the fall or winter 2006.

11. Tilton sought to hire Plaintiff because she knew that he had the experience required to serve as President of Patriarch, and she trusted him.

2

12. Tilton has known Plaintiff on both a professional and a personal basis since in or about 2000, having been a consistent client of his during his employment at Goldman Sachs & Co. and at Morgan Stanley.

13. Colodne was involved in many of Patriarch's distressed debt investments since 2000.

The Employment Agreement

14. Colodne and Patriarch entered into a written employment agreement, dated as of February 21, 2007 (the "Employment Agreement").

15. Under the Employment Agreement, Colodne was employed as Patriarch's President, Executive Managing Director and Head of Leveraged Loan and M&A Activity.

16. In exchange for his services, among other things, Patriarch agreed to pay Plaintiff salary, guaranteed bonus amounts, and certain additional amounts in the form of cash flow distributions tied to the profitability of various Patriarch investments.

17. Colodne performed his duties under the Employment Agreement.

18. By letter dated February 25, 2008, Patriarch purported to terminate the Employment Agreement for cause for performance related reasons, effective as of February 22, 2008.

19. The reasons given by Patriarch to support it's for cause termination of the Employment Agreement are false and pretextual.

20. Patriarch's justifications for its actions were shown to be false by statements made by Tilton in various interviews she granted to the press, including an interview she gave to the New York Observer in October 2006; Tilton's own public

3

conduct; documents and communications both internally and with counsel; and documents furnished to third parties, such as the rating agencies Standard & Poors and Moody's, and to the Trustee under indentures pursuant to which Patriarch had certain reporting obligations.

21. The Employment Agreement requires 30 days written notice in the event of a termination without cause.

22. Under the terms of the Employment Agreement, the earliest date that Patriarch could properly have terminated plaintiff without cause was February 23, 2008, which is thirty (30) days from when written notice was delivered.

## AS AND FOR FIRST CLAIM
(BREACH OF CONTRACT)

23. Plaintiff repeats each and every allegation above as if set forth at length herein.

24. Patriarch discharged Colodne in violation of the Employment Agreement.

25. Patriarch did not possess cause to terminate the Employment Agreement.

26. Patriarch has refused, and continues to refuse, to perform its obligations under the Employment Agreement, including paying substantial amounts due to Colodne upon the termination of his employment without cause.

27. Colodne has been damaged as a result of Patriarch's breaches of the Employment Agreement.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment against defendant Patriarch Partners LLC in an amount to be determined at trial, but believed to exceed Fifty Five Million Dollars ($55,000,000.00), plus interest, costs and disbursements, and reasonable attorney's fees.

Dated: February 15, 2008
      New York, New York

                                KRAUS & ZUCHLEWKSKI LLP

                                By: _____
                                Robert D. Kraus (9354)
                                500 Fifth Avenue, Suite 5100
                                New York, New York 10110
                                (212) 869-4646

To:    Brune & Richard LLP
         Attorneys for Defendants,
           Patriarch Partners LLC
         80 Broad Street
         New York, New York 10004
         (212) 668-1900