FILED ELECTRONICALLY

Hillary Richard (HR 6941)
Charles Michael (CM 0303)
BRUNE & RICHARD LLP
80 Broad Street, 30th Floor
New York, New York 10004
(212) 668-1900

Attorneys for Defendant Patriarch Partners, LLC

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JASON P. COLODNE,                      )
                                       )    No. 08cv2370 (GBD)
         Plaintiff,                    )
                                       )    **STIPULATION AND**
v.                                     )    **PROTECTIVE ORDER**
                                       )
PATRIARCH PARTNERS, LLC,               )
                                       )
         Defendants                    )
------------------------------------------------------------x

**WHEREAS**, the parties to the above-captioned action (the "Action") believe that certain information that is or may be sought by discovery requests or otherwise exchanged by the parties in this action may contain trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties believe that it would facilitate discovery in this action to produce any such information under a protective order made pursuant to Rule 26(c);

**THE PARTIES HEREBY STIPULATE AND AGREE** to the terms of the following Stipulation and Protective Order ("Stipulation and Order") and respectfully request that the Court So Order it

1. <u>Designation of Materials as Confidential or Highly Confidential</u>. Any party to the Action or other person (including non-parties) that provides any discovery materials (including without limitation, documents, physical objects, tangible things, discovery responses or any other materials of any type whatsoever), whether by voluntary disclosure or pursuant to an order of the Court (collectively, "Materials" or "Material"), in this Action may designate such Materials as "Confidential" or "Highly Confidential" by labeling such Materials as "Confidential" or "Highly Confidential – Attorneys-Eyes-Only" at the time they are produced. A party or person may designate Materials as Confidential or Highly Confidential subsequent to their production by sending a letter to the other party to this Action so designating such Materials at any time after their production, provided that such designation shall only apply to such Materials after actual receipt by the other party of such a letter.

2. <u>Definition of Confidential Materials</u>. A designation of Material as Confidential shall constitute a representation by the party or nonparty and its counsel that they believe in good faith that the material so designated contains or constitutes: (a) trade secrets, accounting information, unpublished financial data, financial or investment forecasts or strategies, business or product plans, marketing plans or strategy, compensation information, appraisals, valuations or other information of a non-public nature considered by the producing party or person to be commercially sensitive or proprietary; or (b) other competitively sensitive or proprietary information. Correspondence or other documents that quote from or paraphrase the substance of Confidential Material shall be treated as Confidential and shall be labeled as such.

3. <u>Manner of Designating Certain Testimony as Confidential</u>. Any deposition or other testimony (including any exhibits used therein) may be designated as Confidential by either

2

party or other person by any of the following means: (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is Confidential; or (b) by sending written notice to counsel for the other party of record within ten business days after receipt of the transcript of a deposition or other testimony, designating information as Confidential. All such testimony shall be treated as if designated Confidential until the ten-day period expires or until notification of the designation or absence thereof is given.

4.  Transcripts of Confidential Testimony. If testimony is designated pursuant to paragraph 3 above, each portion of any deposition or other transcript in which Confidential Material is referred to, disclosed, or introduced as an exhibit, or in which Confidential testimony is given, shall be separately transcribed, bound and sealed, together with any document introduced as an exhibit in that portion of the deposition.

5.  Restrictions on Disclosure of Material Designated as Confidential. Confidential Material shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action including appeals, if any.

Confidential Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

a.  A party to this Action and only those employees of such party directly involved in instructing or assisting counsel in connection with this Action, except that disclosure to the persons specified in this paragraph shall be limited to such information as is reasonably required to be disclosed to instruct or assist counsel;

b.  The Court, personnel of the Court, and court reporters and videographers at depositions or other proceedings in this Action;

3

  c.  Counsel to the parties to this Action and their employees;

  d.  Deponents and witnesses at depositions or other proceedings in this Action, along with their counsel, if the deponent or witness is indicated on the face of the Material as its originator, author, or recipient of a copy thereof or who would be reasonably expected to have had prior access to the Material, or who is otherwise familiar with the Confidential Material, but only to the extent of the person's familiarity with the Confidential Material, or persons whom counsel reasonably believes may have testimony relevant to the Confidential Material, or if the Court determines that the witness should have access to the Material, on such terms as the Court may order;

  e.  Persons whom counsel in good faith believe are likely to be called as deposition, trial, or other witnesses in this Action as well as their counsel, provided, however, that counsel shall not disclose any Materials designated Confidential to any such person unless counsel in good faith believes the Material to be reasonably related to that person's likely testimony and, in that event, only to the extent so related;

  f.  Consultants or experts and their staff to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

  g.  Outside vendors providing copying and/or exhibit preparation services in connection with this Action;

  h.  Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court; or

  With respect to the persons referenced in paragraphs 5(d), (e), (f), (g), and (h) prior to the disclosure of any Confidential Material, the receiving party shall (i) provide that

4

person with a copy of this Stipulation, and (ii) obtain from that person written agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

6. <u>Definition of Highly Confidential Materials</u>. A designation as Highly Confidential shall constitute a representation by the party or person and its counsel that they believe in good faith that the material so designated contains or constitutes Highly Confidential Material of a commercial nature that is: (i) classified by the government; and/or (ii) so sensitive that even being promulgated among the parties will cause irreparable harm.

7  <u>Restrictions on Disclosure of Material Designated as Highly Confidential</u>. Highly Confidential Materials shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action including appeals, if any.

Highly Confidential Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

a. Counsel of record for the parties in this Action and their employees, to whom Highly Confidential Material is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this Action. Said counsel and their employees shall hold the Highly Confidential Material in confidence and shall not disclose it, directly or indirectly, to any other person not authorized to receive it under this Agreement, including to any other parties to this litigation or counsel for any parties to this Action in any other matter, directly or indirectly; and

b. Any expert or consultant who is directly retained by a Party or its counsel in order to assist in the conduct of this Action, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such

5

expert or consultant may retain documents containing Highly Confidential Material only so long as is necessary for the performance of such assistance.

With respect to the persons referenced in paragraphs 7(b) prior to the disclosure of any Highly Confidential Material, the receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from that person written agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

8.  Filing Confidential or Highly Confidential Materials. All Materials designated Confidential or Highly Confidential that are filed with the Court, including all depositions or any portions of depositions that contain Confidential or Highly Confidential information, and all papers (including declaration[s], affidavits, and memoranda of law) purporting to reflect Confidential or Highly Confidential information shall be filed with the Court in sealed envelopes or other appropriately sealed containers, which shall bear the title of the Action, an identification of the contents of the sealed envelope or container, the words "Confidential" or "Highly Confidential" and an explanation that the information contained therein is protected by this Order and shall not be disclosed by the Clerk or any other person in any manner inconsistent with this Order except upon further order of the Court. Confidential or Highly Confidential Materials used in any Court proceeding in connection with this action shall not lose its Confidential or Highly Confidential status through such use. To avoid burdening the Court with an abundance of Materials filed under seal, the parties shall confer in good faith (time permitting) prior to filing documents containing information designated Confidential or Highly Confidential under seal to agree, wherever possible, to permit the filing of such Materials not under seal. Any waiver by a party of its right to have its Materials designated Confidential or

6

Highly Confidential filed under seal shall not constitute a waiver of confidentiality for any other purpose, and such Materials shall otherwise maintain the protections provided herein.

9. <u>Receipt of Subpoena</u>. Notwithstanding the foregoing, nothing in this Stipulation and Order shall prevent any party from complying with any disclosure required by law, regulation or rule (including any rule of any industry or self-regulatory organization) whether pursuant to a subpoena or other similar process in connection with a litigation, arbitration, or other proceeding, or otherwise. If any party in possession of Material designated as Confidential or Highly Confidential receives a subpoena or other such process or discovery device seeking production or other disclosure of such Material, if allowed under applicable law, that party shall give written notice to counsel for the party or person who designated the Materials as Confidential or Highly Confidential together with a copy of the subpoena or other process and shall object to producing the Material until an appropriate confidentiality stipulation or order can be entered into with the requesting party. The party who designated the Material as Confidential shall pay the reasonable costs of that objection, including reasonable attorneys' fees. Where possible, at least ten (10) business days notice should be given before production or other disclosure.

10. <u>Return of Confidential Material upon Termination of this Action</u>. All Confidential and Highly Confidential Materials or other papers containing such information, no matter what form the information is reduced to, remain the property of, and under the custody and control of the party or other person producing that Material, subject to further order of the Court. Upon the conclusion of this Action (including compliance with any judgment and any relating to this Action), the receiving parties shall return to the producing parties or persons all

7

copies of Material designated as Confidential or Highly Confidential that was produced pursuant to this Stipulation and Order (including all copies, abstracts, and summaries of the Material) or the parties may destroy such Material and certify to the producing party or person in writing that all such Material has been destroyed. Notwithstanding the foregoing, each law firm representing a party to the action may retain copies of pleadings, discovery, briefs, motions, memoranda and any other paper filed in this Action together and correspondence exchanged in this Action, copies of all deposition and other transcripts, and exhibits and copies of any attorney work product.

11. Privileged Information. Neither party hereto intends to produce any Material that is protected by the attorney-client privilege or the work product doctrine. In the event that such Material is produced, the party producing it may request its return from the other parties, which will immediately cease to use such Material and will within five days return or destroy all copies of such Material and all documents paraphrasing, summarizing, referencing or otherwise using such Material. In such event, if any party that received such Material wishes to challenge its protected status, it may make a motion to the Court seeking to compel production of such Material, but such motion shall not rely upon the fact that the Material was previously produced to that party and shall be briefed and decided as though the Material had never been produced.

12. Disputes. If a party that receives any Materials produced in accordance with this Order disagrees with respect to its designation as Confidential or Highly Confidential, in full or in part, it shall notify the producing party in writing, and the recipient and the producing party will thereupon confer in good faith within three days of receiving such notice as to the status of the subject Materials proffered within the context of this Order. If the recipient and producing

party are unable to agree upon the status of the subject Materials, either party may raise the issue of such designation with the Court. In connection with any such proceeding, the burden of showing that information sought to be protected as confidential still remain with the party claiming confidentiality. Until agreement is reached by the parties or an Order of the Court is issued changing the designation, all Materials about which the dispute exists shall be treated as originally designated by the producing party.

13. <u>No Waiver</u>. No party to this Action shall be obligated to challenge the propriety of any Confidential or Highly Confidential designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation and shall not constitute an admission that any information is in fact confidential or proprietary information or merits the designation Confidential or Highly Confidential. Nothing contained in this Stipulation and Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

14. <u>Modification of Stipulation</u>. The parties expressly reserve their right to apply to the Court for modification of this Stipulation and Order, and for any further or additional relief.

Prior to application to the Court, the parties shall confer in good faith to resolve any dispute concerning the terms or application of this Stipulation and Order.

Dated: New York, New York
July 21, 2008

> BRUNE & RICHARD
>
> By: *[signature]*
> Hillary Richard (6941)
> Charles Michael (0303)
>
> 80 Broad Street
> New York, New York 10022
> (212) 668-1900
>
> *Attorneys for Defendant Patriarch Partners, LLC*
>
> KRAUS & ZUCHLEWSKI, LLP
>
> By *[signature]*
> Robert D. Kraus, Esq. (9359)
>
> 500 Fifth Avenue, Suite 5100
> New York, New York 10110
> (212) 869-4646
>
> *Attorneys for Plaintiff*

JUL 23 2008

SO ORDERED:

*[signature]* George B Daniels
Honorable George B. Daniels
United States District Judge

HON. GEORGE B. DANIELS

10

## EXHIBIT A

## Agreement

I have read the Stipulation and Protective Order in the action captioned *Jason P. Colodne v. Patriarch Partners, LLC*, Index No. 08cv2370 (GBD) ("Stipulation and Order") and certify that I fully understand the procedural and substantive requirements of that Stipulation and Order, a copy of which is attached hereto.

Before reviewing or receiving access to any Material subject to the protection of that Stipulation and Order and as a condition for such review and/or access, I certify and agree that I am personally bound by and subject to all of the terms and provisions of that Stipulation and Order. I further agree to be fully subject to the jurisdiction of the United States District Court in this Action for the purpose of enforcing this Agreement and the Stipulation and Order.

_____

SWORN to and subscribed before me
this _____ day of _____, 200_

_____
Notary Public

My Commission Expires: _____

11